## CHARLES FERRIMAN

### v.

## JOHN SHEPHERD ET AL.

PRACTICE—WHEN AN APPELLATE COURT WILL REVERSE.—While an appellate court will not reverse a case to allow a plaintiff to recover merely nominal or vindictive damages and will hesitate to reverse on the facts merely, where several juries have found the same way, yet where there is a clear right to recover some damages, and the verdict is wholly in violation of the plaintiff's legal rights, the judgment will be reversed.

ERROR to the Circuit Court of Richland county; the Hon. THOS. S. CASEY, Judge, presiding. Opinion filed April 18, 1884.

Messrs. WILSON, HUTCHINSON and Mr. E. B. GREEN, for plaintiff in error.

Messrs. ALLEN & FRITCHEY, for defendants in error; cited Chittenden v. Evans, 48 Ill. 52; Johnson v. Weedman, 4 Scam. 495; Fish v. Roseberry, 22 Ill. 288.

WALL, P. J. This was an action of trespass by plaintiff in error against defendants in error for breaking and entering the plaintiff's dwelling house. The jury found for defendants. Indeed, this is the third verdict to that effect. The evidence shows that the defendants were guilty of the trespass, but no defense whatever is shown. The only plea was not guilty.

It is conceded that an appellate court will not reverse a case to allow a plaintiff to recover nominal or vindictive damages merely, but the point is made that here the plaintiff sustained substantial damages and that the rule is not applicable to this case. After a careful reading of the evidence we are inclined to the same view, and while we can not say the damages should be very large, they should be more than merely nominal; and though courts hesitate to reverse on the facts merely, when several juries have found the same way, yet we think this case is exceptional; that there was a clear right to

recover some damages and that the verdict is wholly in violation of the plaintiff's legal rights.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.